**Earl J. WHITE, etc., Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

No. 7:CV93–5000.

United States District Court,
D. Nebraska.

Sept. 14, 1993.

---

1. Indeed, in this case the issue is one of state law, in any event.

**644**

Kent A. Schroeder, Ross, Schroeder Law Firm, Kearney, NE, for plaintiff.

Gary L. Scritsmier, Martin J. Troshynski, Kelley, Scritsmier Law Firm, North Platte, NE, for defendant.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

This matter is before the Court on the Defendant's appeal, (Filing No. 33), from the memorandum and order entered by Magistrate–Judge David L. Piester on August 31, 1993, (Filing No. 32).

In his memorandum order, Judge Piester granted the Plaintiff's motion to withdraw class certification and allowed the parties until September 7, 1993 to submit briefs showing that this Court has subject matter jurisdiction over the action. Judge Piester stated that, absent a showing of subject matter jurisdiction, this action would be subject to being remanded to the state court. The Defendant submitted a brief; however, the Defendant failed to address the question of subject matter jurisdiction. The Plaintiff did not submit a brief.

On September 7, 1993 the Defendant appealed Judge Piester's memorandum and order as well as moved to stay the operation of the August 31, 1993 order pending the appeal.

On September 9, 1993 Judge Piester issued a second memorandum and order denying the Defendant's motion for stay and remanding the action to state court. Judge Piester, however, stayed the remand for ten days to permit an appeal in accordance with the local rules.

In an appeal from a magistrate-judge's order, the Court must set aside any portion found to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); NELR 72.3(d).

The local rules of practice provide: "The appealing party shall submit to the district judge at the time of filing the appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.... Failure to submit a brief in support of the appeal may be deemed an abandonment of the appeal." NELR 72.3(b).

The Defendant has failed to submit a brief to the undersigned as required by NELR 72.3(b). Absent a brief, the Court has before it no argument in support of the Defendant's basis for the appeal, i.e. the order appealed from is clearly erroneous. (Filing No. 33). Moreover, on its face Judge Piester's memorandum and order does not appear to be clearly erroneous. Therefore, the Court finds that the Defendant's appeal should be denied.

IT IS ORDERED:

1. The Defendant's appeal, (Filing No. 33), from the memorandum and order entered by Magistrate–Judge David L. Piester on August 31, 1993, is denied;

2. The memorandum and order dated August 31, 1993 is affirmed in all respects.

## MEMORANDUM AND ORDER

PIESTER, United States Magistrate Judge.

Pending before the court is plaintiff's motion (filing 29) to withdraw a motion for class certification (filing 13),[1] and defendant's motion for summary judgment. I shall grant plaintiff's motion. Further, I shall defer consideration of defendant's motion until the parties have demonstrated that this court has subject matter jurisdiction over this action.

### CLASS CERTIFICATION

█ Plaintiff filed this action in state court; the original pleading contained allegations that class certification was appropriate. After defendant timely removed the action to this court, plaintiff moved for class certification; defendant resisted the motion. After the motion was filed, certain depositions, which plaintiff alleged were material to the certification of the class, were taken by plaintiff. In filing 21, I recommended the motion for class certification be denied because of the lack of evidentiary facts to support the motion. Plaintiff objected to the recommendation alleging that the necessary evidentiary facts would be provided by the depositions, but that the depositions had not yet been transcribed. Judge Urbom allowed plaintiff time to present evidentiary facts in support of the motion for class certification. (Filing 23).

On the due date for presentation of evidentiary facts, plaintiff moved to withdraw the motion for class certification, claiming that discovery efforts had been focused on the merits of the claims and not on the issues necessary for class certification. Defendant has filed an opposition to the motion to withdraw, claiming the motion is ripe for decision and that plaintiff has moved to withdraw the motion because of the likelihood it would be denied.

Defendant may be correct. Plaintiff may have moved to withdraw the motion because the motion was doomed for failure. Nonetheless, plaintiff's motivation is not a reason to deny this particular motion. I shall grant plaintiff's motion to withdraw the motion for class certification. (Filing 13).

### SUBJECT MATTER JURISDICTION

█ Plaintiff filed this action in state court and purported to bring it as a class action. The original pleading contained numerous allegations regarding the class of all plaintiffs. Defendant removed the action to this court on the basis of diversity jurisdiction, stating that the allegations of the pleading demonstrated that the amount in controversy was greater than $50,000.00. (Filing 1 at 2). Plaintiff has now withdrawn his motion to have a class of plaintiffs certified and is bringing this action as an individual only. Because the class allegations in the pleading are no longer viable, some question exists as to whether the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied.

Plaintiff brought this action challenging defendant's use of Underinsured Motorist (UIM) insurance policies. The essence of plaintiff's claims is that defendant charges a premium for UIM coverage but will never be required to pay money to a UIM claimant because of Nebraska's statutory insurance requirements. Nebraska requires all drivers to have bodily injury liability insurance covering a maximum of $25,000 per person involved in an accident and $50,000 per occurrence. The parties refer to this type of coverage limit as 25/50. Defendant's minimum UIM policy limit is also 25/50. Plaintiff claims the minimum UIM coverage is "illusory" because, allegedly, the coverages being identical, no person will ever be underinsured. Plaintiff presented four theories of recovery: (1) breach of contract; (2) negligent misrepresentation; (3) unjust enrichment; and (4) nondisclosure. Plaintiff seeks the return of the premiums paid from January 1, 1987 until July 1, 1991.

The original pleading listed as plaintiffs the class of all insureds who had paid premiums for UIM coverage to defendant. In its motion for summary judgment, defendant indicates the semi-annual premium for the

---

1. The motion is phrased in the alternative: should the motion to withdraw be denied, plaintiff moves for a dismissal of the action, without prejudice.

minimum UIM coverage is $1.00. As a class action, the allegations of the pleadings are sufficient to indicate that the amount in controversy would exceed $50,000.00. However, as to plaintiff alone, the pleadings suggest that the amount in controversy might be significantly less than that. Plaintiff would have paid approximately $9.00 in premiums for UIM coverage from January 1, 1987 until July 1, 1991.

*Fed.R.Civ.P.* 12(h)(3) states, "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." At this time, it appears that the court lacks subject matter jurisdiction over this action. Rather than dismiss it at this time, I shall grant the parties an opportunity to demonstrate that plaintiff has properly alleged that the amount in controversy exceeds the statutory requirement. In the absence of such a showing, this matter will be subject to remand to the state court. Because of the uncertainty of the existence of subject matter jurisdiction, consideration of the motion for summary judgment would be inappropriate. I shall defer consideration of that motion until the parties have demonstrated this court has jurisdiction over the subject matter of this action.

IT THEREFORE HEREBY IS ORDERED:

1. Plaintiff's motion to withdraw filing 13 is granted.

2. The parties are given until September 7, 1993 to submit briefs which indicate this court has jurisdiction over the subject matter of this action, in the absence of which this matter will be subject to remand to the state court.

3. Defendant's motion for summary judgment is deferred for ruling until after the parties have submitted briefs in accordance with paragraph 2.

4. The clerk shall notify counsel for the parties, by telephone, of the filing of this order.

Dated August 31, 1993.